# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

JUN WANG

Case No. 6:23-cr-188-RBD-RMN

## <u>ORDER</u>

This cause comes before me on Defendant Jun Wang's Motion for Release from Custody (Dkt. 21), filed September 28, 2023. Evidentiary hearings were held on Ms. Wang's motion and a similar motion filed by Ms. Wang's co-defendant, Ching Yu, on October 2, 2023. Dkts. 35, 39. This order provides a written summary of my ruling on an oral motion made by Ms. Wang for *Jencks* materials.

Separate hearings were noticed on Mses. Wang's and Yu's motions for release. Dkts. 27, 28. The hearing on Ms. Wang's motion was noticed and took place first, and she was the only Defendant present in Court. During this part of the hearing, Ms. Wang offered the testimony of Zhen Cui, who considers himself the fiancée of Ms. Yu. Ms. Wang also proffered facts relating to the posture of her case, her detention, and a medical condition. The government moved forward by proffer in Ms. Wang's part of the evidentiary hearing.

Following the evidentiary part of Ms. Wang's hearing, I held the evidentiary part of Ms. Yu's hearing. [1] Like Ms. Wang, Ms. Yu offered testimony from Mr. Cui. The government made a proffer and offered the testimony of Officer Javier Mondejar, who is a criminal investigator employed by U.S. Customs and Border Protection. Officer Mondejar testified to the facts of his investigation. The government also moved for the admission of five exhibits, which were records maintained by U.S. Customs and Border Protection.

Although Officer Mondejar was called during the evidentiary hearing on Ms. Yu's motion, Officer's Mondejar's testimony was offered in support of the detention of both Defendants, and I considered it in my decision on both Defendants' motions. Officer Mondejar offered testimony on the arrests of both Mses. Wang and Yu. Counsel for both Defendants had a chance to cross-examine Officer Mondejar, and both Defendants were allowed object to the government's exhibits.

Following Officer Mondejar's direct testimony, Ms. Wang's counsel moved for an order directing the government to produce *Jencks* materials relating to Officer Mondejar. I asked counsel if the Jencks Act applies to

---

[1] Because the evidentiary portion of Ms. Wang's hearing exceeded the time allotted, both Defendants were present and represented by counsel in the hearing from this point for the convenience of the Court, the parties, and the Marshals Service.

pretrial detention hearings, and she stated that the motion was also brought under Federal Rule of Criminal Procedure 26.2. The government opposed, responding that it provided such materials to the Defendant before the hearing except for Officer Mondejar's grand jury testimony. The government did not provide a transcript of this testimony because the transcript had not been prepared. Based on this exchange, I ordered the government to produce a transcript of the testimony once the transcript was prepared.

Counsel for Ms. Wang then moved for sanctions based on the government's failure to produce the grand jury testimony. I denied the motion, but I also offered to continue the detention hearing to provide the government time to prepare and produce a transcript of Officer Mondejar's testimony. Counsel for Mses. Wang and Yu declined to continue the hearing, preferring instead an immediate ruling on their motions for release.

When I denied Ms. Wang's motion for sanctions under Rule 26.2(e) at the hearing, I explained that I would not sanction the government for failing to produce a transcript that has not been prepared. I repeat and expand that ruling here.

Rule 26.2 states that, "[a]fter a witness other than the defendant has testified on direct examination, the Court . . . must order an attorney for the government . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the

subject matter of the witness's testimony." Fed. R. Crim. P 26.2(a). Rule 26.2 also provides for sanctions "[i]f the party who called the witness disobeys an order to produce or deliver a statement." The rule requires the Court to "strike the witness's testimony from the record" and, "[i]f an attorney for the government disobeys the order, the court must declare a mistrial if justice so requires." Fed. R. Crim. P. 26.2(e). The rule specifically applies to detention hearings, Fed. R. Crim. P. 26.2(g)(4), and a "witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement," Fed. R. Crim. P. 26.2(f)(3).

*First*, there is no dispute that Officer Mondejar's grand jury testimony is not transcribed. As I articulated at the hearing, there is no violation for that reason. My ruling is supported by the reasoning from *United States v. Cagnina*, 697 F.2d 915, 922–23 (11th Cir. 1983). There, the Defendant sought from the government the prior testimony of a government witness given at a suppression hearing held in federal court. *Id*. The Eleventh Circuit found no violation of the Jencks Act, reasoning that, because the prior testimony had not been transcribed, it was not in the government's possession. *Id*. The testimony therefore fell outside the requirements of the Jencks Act. *Id*.

So too here. Officer Mondejar's grand jury testimony is not transcribed. The transcript is thus not in the government's possession, and the requirements of the Jencks Act and Rule 26.2 do not apply.

*Second*, there is no evidence of bad faith. The government has not produced the transcript of Officer Mondejar's grand jury testimony because of the press of time. As noted by counsel for the government at the hearing, the indictment was returned less than a week ago on September 27, 2023. Dkt. 17. The day after the indictment's return, the Court noticed Defendants' arraignment for October 5, 2023. Dkt. 20. Mses. Wang and Yu then moved for their release. Dkts. 21, 23. In response, I re-noticed Defendants' arraignments for October 2, 2023, and combined those proceedings with hearings on Defendants' motions for release. Dkts. 27, 28. Given these events, the government had less than two business days to prepare and produce the transcript, which is insufficient. Thus, in addition to my ruling at the hearing, I also find that the government could not reasonably obtain a transcript of Officer Mondejar's grand jury testimony before the hearing. For this reason, I find sanctions are not appropriate.

To be clear, I do not hold that Defendants have no right to a transcript of Officer Mondejar's grand jury testimony. They do. And I repeat here my order directing the United States Attorney to prepare and produce a transcript of that testimony as expeditiously as possible.

**DONE** and **ORDERED** in Orlando, Florida, on October 3, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Assistant U.S. Attorney
Counsel for Defendant
Defendant